IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FIAMMA PARTNERS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:16-CV-1402-K |
| | § | |
| DAVID G. MORNINGSTAR, | § | |
| CAROLINE D. MORNINGSTAR, | § | |
| HILARY B. RADOLEC, | § | |
| EMPLOYER ASSURANCE | § | |
| SOLUTIONS, LLC, and | § | |
| MORNINGSTAR BENEFITS | § | |
| SOLUTIONS, LLC, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are: (1) Defendants' Motion for Summary Judgment (Doc. No. 98); (2) Defendants' Motion to Bar and Exclude Any Opinion Testimony From Plaintiff's Designated Experts (Doc. No. 96); (3) Plaintiff's Motion to Compel Defendants' Depositions and to Extend Discovery Period (Doc. No. 94); and (4) Plaintiff's Motion to Extend Time for Expert Deadlines and Discovery (Doc. No. 103). The Court has carefully considered the motions, the responses, the replies, the evidence submitted, and the applicable law. Because the Court finds the Texas Insurance Code prohibits Plaintiff Fiamma Partners, LLC from recovering insurance commissions, the Court **GRANTS** Defendants' Motion for Summary Judgment, **DENIES** Plaintiff's Motion to Compel Defendants' Depositions and to Extend

1

Discovery Period, and **DENIES as moot** the Defendants' Motion to Bar and Exclude Any Opinion Testimony From Plaintiff's Designated Experts and Plaintiff's Motion to Extend Time for Expert Deadlines and Discovery. Defendants objected to an affidavit Plaintiff offered as summary judgment evidence. Because the affidavit addressed legal grounds the Court did not need to reach in this memorandum and opinion, the Court **OVERRULES as moot** Defendants' objections to the affidavit.

I. Background

Plaintiff Fiamma Partners, LLC ("Fiamma") is a limited liability company solely owned by non-party Frank Zaccanelli, Jr. ("Zaccanelli, Jr."). Fiamma had a business relationship with Defendants David G. Morningstar, Caroline D. Morningstar, Hilary B. Radolec, Employer Assurance Solutions, LLC, and Morningstar Benefits Solutions, LLC (collectively "Morningstar"). David Morningstar is a licensed insurance agent who sold insurance policies for American Family Life Assurance Company, Inc. ("Aflac"). Fiamma provided Morningstar clients and, in exchange, Morningstar provided those clients with supplemental health insurance. Fiamma alleged this business relationship was a general partnership based on an oral agreement and the parties had equal management of the partnership. Under this oral agreement, Fiamma also alleged Morningstar agreed to split its commission with Fiamma to receive 12 points on initial sales and 3 points on residuals. Non-parties Frank Zaccanelli III ("Zaccanelli III"), the son of Zaccanelli, Jr., and Andrew Neporent ("Neporent") worked for Fiamma and often communicated with

2

Morningstar. At some point during the business relationship, Zaccanelli III and Neporent became licensed insurance agents. However, as of the time of the summary judgment motion, neither Fiamma nor Zaccanelli, Jr. had a license to sell insurance.

In late 2015, Fiamma and Morningstar discussed renegotiating their business relationship. Fiamma wanted to receive 50% of Morningstar's commissions and for the insurance carriers to pay Fiamma's share directly to it. Fiamma alleged Morningstar agreed to these and other terms in a telephone conversation in October 2015. The parties did not reduce this alleged agreement to writing. In early May 2016, Morningstar and Fiamma still could not agree on what fee Morningstar owed Fiamma. On May 20, 2016, Fiamma filed this lawsuit alleging state law claims against Morningstar for failure to pay Fiamma commissions under the terms of the alleged agreement, for providing Fiamma fraudulent information about Aflac's financial health, and for falsifying commission documents among other allegations. Fiamma later amended its complaint to include a claim for defamation.

## II.     Legal Standard

Summary judgment is appropriate when the pleadings, affidavits, and other summary judgment evidence show that no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute of a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All

evidence and reasonable inferences must be viewed in the light most favorable to the nonmovant, and all disputed facts resolved in favor of the nonmovant. *See United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962); *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005).

The moving party bears the burden of identifying those portions of the record it believes demonstrates the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 322–25. Once a movant makes a properly supported motion, the burden shifts to the nonmovant to show the existence of a genuine fact issue for trial; but, the nonmovant may not rest upon allegations in the pleadings to make such a showing. *Id.* at 321–25; *Anderson*, 477 U.S. at 255–57. Conclusory allegations, unsubstantiated assertions, or a mere scintilla of evidence cannot defeat a motion for summary judgment. *See Anderson*, 477 U.S. at 249–52; *Boudreaux*, 402 F.3d at 540. If the nonmovant fails to make a sufficient showing to prove the existence of an essential element to the case and on which the nonmovant will bear the burden of proving at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322.

III. Analysis

    **A. Fiamma's Claims Fail Because They Seek to Recover Insurance Commissions in Violation of Texas Insurance Code § 4005.053.**

In this suit, Fiamma seeks to recover a portion of Morningstar's insurance commissions that Fiamma is allegedly owed based on either contract theory or tort. Fiamma alleges an oral partnership or oral agreement existed which required Morningstar to pay a portion of its commission to Fiamma in exchange for it referring

4

clients to Morningstar. Texas law explicitly prohibits an individual or corporation who does not have a license to sell insurance from receiving even a portion of an insurance commission. Because Fiamma is not licensed as an insurance agency, it cannot recover commissions from Morningstar, regardless of any agreement or partnership.

Section 4005.053 of the Texas Insurance Code prohibits a company from receiving portions of an insurance commission when the company is not a licensed insurance agency. Section 4005.053 (c) states:

> An agent may not pay, permit or give or offer to pay, permit, or give, directly or indirectly, to any person who does not hold a license as an agent: (1) a rebate of premiums payable, a commission, employment, a contract for service, or any other valuable consideration or inducement that is not specified in the insurance policy or contract for or on account of the solicitation or negotiation of an insurance contract; or (2) a fee or other valuable consideration for referring a customer who seeks to purchase an insurance product or seeks an opinion on or advice regarding an insurance product, based on that customer's purchase of insurance.

TEX. INS. CODE § 4005.053(c) (West Supp. 2017); *see Ahmed v. Shimi Ventures, L.P.*, 99 S.W.3d 682, 684 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (The court quotes Tex. Ins. Code. Ann. Art. 21.01–2, § 2A(b) which has been recodified, without making material changes to the law, under Tex. Ins. Code § 4005.053.). For the purposes of this section, a "person" includes corporations, limited liability companies, and partnerships. TEX. INS. CODE § 4001.003(8), § 4001.004 (West 2009); *see Ahmed*, 99 S.W.3d at 693–94. A court order cannot require a party to violate this code by paying, directly or indirectly, an unlicensed individual an insurance

5

commission. *Id*. at 694. Likewise, a contract cannot require an insurance agent to pay or share his commission with an unlicensed individual or company, so such contract violates the code and is unenforceable. *Benefits Admin. Corp. v. Rearick*, 705 S.W.2d 234, 235–36 (Tex. App.—Texarkana 1986, no writ).

Zaccanelli, Jr. admitted Fiamma, a limited liability company, was not licensed to sell insurance. For that reason, any agreement between the parties that required Morningstar to pay Fiamma shares of commissions for insurance policies would be unenforceable, because it would violate the insurance code. *See id*. This Court cannot order Morningstar to pay Fiamma a share of insurance commissions because such payment would violate the insurance code. *See Ahmed*, 99 S.W.3d at 684.

Fiamma argues this case does not fall under the insurance code's prohibition on sharing insurance commissions with unlicensed individuals, but instead this case is similar to two other cases in which courts found commission sharing did not violate the statute. Fiamma cites the Court to *Solomon v. Greenblatt*, 812 S.W.2d 7 (Tex. App.—Dallas 1991, no pet.) and *Ferch v. Baschnagel*, No. 03-04-00605-CV, 2009 WL 349149 (Tex. App.—Austin Feb. 13, 2009, no pet.). The Court is not persuaded by Fiamma's argument. Both cases are clearly distinguishable from Fiamma and Morningstar's business relationship. In *Solomon v. Greenblatt*, the defendant insurance agent received advice on running and managing a business from the plaintiff, an individual without an insurance license, in exchange for a percentage of his insurance commission. 812 S.W.2d at 11–12. Because the unlicensed individual had no contact

with clients and gave only general business advice, not insurance related advice, the court found the fee arrangement did not violate the statute. *Id*. at 14. In *Ferch v. Baschnagel*, two men entered a partnership, one with a license to sell life and health insurance and the other with a license to sell property and casualty insurance. 2009 WL 349149, at *4. The court held their partnership agreement was enforceable because the insurance code did not state the individual has to be licensed to sell a particular type of insurance to share insurance commissions. *Id*.

In this case, Fiamma alleges Morningstar agreed to pay Fiamma a portion of the insurance commissions in exchange for Fiamma referring potential insurance clients to Morningstar. Unlike in *Solomon*, Fiamma did more than generally advise Morningstar on business matters and it had direct contact with clients regarding insurance matters. And unlike the relationship in *Ferch*, Fiamma held no insurance license at all. The Court is not persuaded by Fiamma's argument.

This case is exactly the scenario Section 4005.053(c) intended to prohibit—the sharing of an insurance agent's commissions with unlicensed individuals. *See* TEX. INS. CODE § 4005.053(c); *see also Benefits Admin. Corp.*, 705 S.W.2d at 235–36. Any alleged contract or partnership between Morningstar and Fiamma that required commission-sharing would be illegal and unenforceable. Fiamma's contract and partnership claims are barred as a matter of law and no genuine issue of material fact exists; thus, Morningstar is entitled to summary judgment on them. *Id*.

7

Fiamma's tort based claims also fail. Fiamma cannot circumvent the Texas Insurance Code's prohibition on sharing commissions with unlicensed individuals by seeking the same commissions as damages in tort claims. The only damages Fiamma alleges in its claims for fraud, fraudulent inducement, negligence, gross negligence, negligent misrepresentation, breach of fiduciary duty, knowing breach of fiduciary duty, and statutory theft are lost commissions. A court cannot violate the insurance code by ordering a party to pay insurance policy commissions to an unlicensed individual, even indirectly. *Ahmed*, 99 S.W.3d at 694. Texas law prohibits Fiamma from recovering damages of lost commissions for its claims of fraud, fraudulent inducement, negligence, gross negligence, negligent misrepresentation, breach of fiduciary duty, knowing breach of fiduciary duty, and statutory theft. Because Fiamma failed to allege a genuine issue of material fact, Morningstar is entitled to summary judgment on these claims also. *See id*.

### B. Because the Morningstar Letter Is Privileged, Fiamma Failed to Establish a Defamation Claim Against Morningstar.

Fiamma brought a state law defamation claim against Morningstar based on a letter David Morningstar sent to a non-party, Cerberus Capital Management ("Cerberus"). Shortly before Fiamma filed this lawsuit, Fiamma threatened Morningstar with legal action if Morningstar did not agree to the increased fee Fiamma wanted in exchange for referring potential insurance clients. Fiamma stated Morningstar may hear from Cerberus's legal department. It is unclear how Cerberus is connected to Fiamma, but Cerberus's Chief Operating Officer and General Counsel is

Neporent's father. After Fiamma filed this lawsuit, David Morningstar sent a letter ("Morningstar Letter") to Cerberus for the stated purpose of resolving the lawsuit. Fiamma later amended its complaint to include a claim for defamation.

Morningstar argues the Morningstar Letter did not contain any defamatory statements about Fiamma, any statements made referenced only specific Fiamma employees, and the letter is privileged as settlement negotiations. Fiamma responds by arguing it is specifically mentioned in the letter, the defamatory statements regarding its employees were intended to defame Fiamma, and the letter is not privileged.

Texas law prohibits a party from using an oral or written communication stated during the course of a judicial proceeding as the basis of a defamation claim because such statements are absolutely privileged. *Jenevein v. Friedman*, 114 S.W.3d 743, 745 (Tex. App.—Dallas 2003, no pet.); *see also Allstate Ins. Co. v. Plambeck*, Civ. Action No. 3:08-CV-0388-M-BD, 2012 WL 2130982, *5 (N.D. Tex. Jan. 4, 2012) (Kaplan, MJ.), adopted by 2012 WL 2130912 (June 12, 2012) (Lynn, J.) ("This privilege extends to statements made by parties…and attaches to all aspects of the legal proceeding."). Statements made in settlement letters are sufficiently connected with a pending or potential suit to come within the privilege. *Bennett v. Comput. Assoc. Intern., Inc.*, 932 S.W.2d 197, 201 (Tex. App.—Amarillo 1996, writ denied).

In the Morningstar Letter, David Morningstar stated his purpose in writing the letter to Cerberus was to try to resolve this lawsuit Fiamma filed against Morningstar.

9

Based on prior statements and emails from Fiamma employees, Morningstar believed Cerberus initiated or instructed Fiamma to initiate the lawsuit. The letter discusses the facts and issues surrounding the lawsuit and seeks to resolve the issues without the need for litigation. The Court finds the letter is absolutely privileged as a possible settlement letter and cannot form the basis of Fiamma's defamation claim. *See id; see Jenevein*, 114 S.W.3d at 745. Fiamma failed to carry its summary judgment burden, and Morningstar is entitled to summary judgment on this claim.

### C. Because Fiamma Did Not Establish an Underlying Tortious or Unlawful Act, Fiamma's Claims for Tortious Interference and Conspiracy Fail as a Matter of Law.

Fiamma brought claims against Morningstar for conspiracy and tortious interference with a business relationship and a potential business relationship. It is well-established that claims for conspiracy and tortious interference are not actionable without an underlying tortious or unlawful act. *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 438 (Tex. 1997); *McGowan & Co. v. Bogan*, 93 F. Supp.3d 624, 655 (S.D. Tex. 2015).

When a court grants summary judgment on all of a plaintiff's other claims related to the alleged conspiracy, the court also properly grants summary judgment on the conspiracy claim. *Am. Tobacco Co.,* 951 S.W.2d at 438. To prevail on a claim for tortious interference, the plaintiff must prove the defendants (1) undertook unlawful actions without justification or excuse; (2) with the intent to harm; (3) actual damages resulted; and (4) the actions were motivated by malice. *McGowan*, 93

F. Supp.3d at 655. The Court has already found Morningstar is entitled to summary judgment on all the underlying unlawful acts Fiamma alleged Morningstar conspired to commit. Because Fiamma failed to establish any related underlying claims, Fiamma cannot prove its tortious interference claim. Morningstar is entitled to summary judgment on these claims.

IV. **Objections to Summary Judgment Evidence**

Morningstar objected to the Liane McDonnell affidavit that Fiamma included as summary judgment evidence in its response to Morningstar's motion for summary judgment. This affidavit solely addressed the alleged fraud. The Court has concluded Morningstar is entitled to summary judgment based on the insurance code specifically prohibiting the underlying agreement that forms the basis for Fiamma's claims. The Court need not consider the Liane McDonnell affidavit and **OVERRULES as moot** Morningstar's objections to this summary judgment evidence.

V. **Conclusion**

Morningstar is entitled to summary judgment on all Fiamma's claims for breach of contract, fraud, fraudulent inducement, negligence, gross negligence, negligent misrepresentation, breach of fiduciary duty, knowing breach of fiduciary duty, statutory theft, defamation, conspiracy, and tortious indifference. Thus, the Court **GRANTS** Morningstar's Motion for Summary Judgment, **OVERRULES as moot** Defendant's Objections to Summary Judgment Evidence, **DENIES** Plaintiff's

Motion to Compel Defendants' Depositions and to Extend Discovery Period, and **DENIES as moot** Defendants' Motion to Bar and Exclude Any Opinion Testimony From Plaintiff's Designated Experts and Plaintiff's Motion to Extend Time for Expert Deadlines and Discovery.

    **SO ORDERED.**

    Signed February 6th, 2018.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE